PHILIP ZIEBER *against* WILLIAM BOOS.

Where an apprentice has not been regularly bound by indenture, his master cannot support debt against the clergyman, for marrying him without publication of banns, or consent of such master.

DEBT 50l. Plea *nil debit* and issue.

The declaration stated, that Jacob Zieber, junior, was the servant and apprentice of the plaintiff, to learn the trade of a hatter ; and that the defendant being a clergyman joined him in marriage to Elizabeth Bickley, he being under the age of twenty-one years, without due publication of the banns, and without a certificate of the plaintiff's consent, by which action had accrued to the plaintiff,[*] to demand and have of the defendant 50l.

It appeared in evidence, that Jacob Zeiber, sen., (the father of the minor,) had agreed, that his son should serve the plaintiff, his uncle, as an apprentice for four years from the 15th January 1791, the plaintiff finding him clothes and night schooling, and learn the hatter's trade. The lad was then 15 years and 6 weeks old, and assented to the contract. He accordingly lived with his uncle, who performed his part of the agreement.

The defendant performed the ceremony of marriage between

* Under the act of assembly, passed 14th February 1729-30. 1 Dall. St. Laws 246.

him and the said Elizabeth Bickley, on the 1st November 1794, he then being 18 years and 11 months old, 2½ months of his time with his uncle, being unexpired. The girl was at this period with child by him, and there was no inequality in the match. He continued to serve his uncle the remainder of his time, and in June 1795, carried his wife and child to his father's house. He was kindly received by his parents, and they appeared satisfied with his connection both then and since.

Mr. Clymer for the defendant excepted, that this was not such an apprenticeship, as entitled the plaintiff to bring the suit, nor could he be considered in any shape as the person grieved by the marriage. The lad had continued with the plaintiff the full time agreed on, and his connection had not deprived the plaintiff of one moment's labor in his trade.

Mr. Evans for the plaintiff. Under the law of 1730, there are three descriptions of persons whose clandestine marriages are intended to be prevented. 1st. All minors generally. 2d. Minors under the tuition of parents or guardians. 3d. Indented servants. A parent has by the law of nature a right to his child's services till he becomes *sui juris, cum potestate delegandi*. Mere possession *is* sufficient ground of action against a wrong doer. And here is at least an apprenticeship *de facto*. The gains of an apprentice belong to his master ; whether he is legally apprentice or not, is no ways material. 1 Salk. 69. Exercising a trade seven years, without any prosecution with effect, is a sufficient qualification for a baker, though he had never been an apprentice, according to the statute of 5 Eliz. 1 Bl. Rep. 233.

Husband *de facto* may support a suit for matters done by his wife, considered as his servant, though she had been married to another husband, if he was not privy thereto. 1 Stra. 80. 1 Woodeson, 423. Marriage *de facto* is sufficient to enable a husband to maintain an action on a bond acknowledged to his wife. 2 Salk. 437.

The court will not minutely inquire, how far the plaintiff has been grieved, if he can maintain the suit. It will not be denied, that the marriage of his apprentice would distract his attention from the business of the shop. It is of great importance to society, that premature, improvident and clandestine marriages of infants should be discouraged. Mr. President Rush was of opinion that the present plaintiff could support this action ; and ordered a new trial in the Common Pleas, on a verdict being given for the defendant.

*Per curiam.* This is a mere abstract question of law. Our respect for the opinion of Judge Rush has strongly induced us to give this case a patient hearing ; but we are bound to follow the dictates of our own judgments.

One who sues for a penalty, must bring himself clearly within the words and spirit of the statute which creates it. The *allegata* and *probata* in such cases must strictly correspond. Was then Young Zieber the servant and apprentice of the plaintiff at the time of his marriage. His servant he could be, according to the common acceptation of the term, and the resolution of this court in bank, on the *habeas corpus ad subjiciendum* brought against Mrs. Keppele. In England, an infant could not bind himself apprentice by the common law (unless by special custom) Cro. Jac. 494, nor under the statute of 5 Eliz. so as to give the master an action for breach of his indenture in deserting his service. Cro. Car. 179. Farrell. 15. 1 Lev. 290. 1 Mod. 241. 6 Mod. 154.

And in that kingdom, one could not be an apprentice without deed. 1 Salk. 68. And the statute of 5 Eliz. c. 4, directs the binding to be by indenture. Where the writing was not indented at the time of execution thereof, a master could not maintain a suit for enticing away his apprentice. Sess. Cas. 284. 1 Burn. Just. 58, (14th edit.) To remedy these mischiefs in Pennsylvania, and " to make the covenants between masters and apprentices mutually obligatory," a law was enacted on the 29th September 1770, (1 Dall. St. Laws, 540, directing the mode of binding apprentices by indentures, with the assent of their parents, guardians or next friends, or with the assent of the overseers of the poor, and approbation of two justices, and specifying the methods of redress on the complaint of either party. The now plaintiff cannot derive any pretentions from this act. It is not necessary for us to give our opinions how far the suit might be maintained by the father of young Zieber, if he was averse to the connection, which does not appear to be the case. For however the father might have reason to complain, we see no grievances on the part of the plaintiff. The lad regularly attended his business the whole of the stipulated period. His present wife was with child by him before marriage. He was bound in morality to make her every reparation in his power, and there was no disparity in their fortunes or rank in life. Though we highly condemn unequal and imprudent marriages, contracted by minors in their early years, before their judgments are sufficiently informed, in violation of their filial duties, we feel ourselves bound to assert, that the present action cannot be supported.

Verdict for the defendant.